UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
In re:

TIMOTHY HOWE and REGINA HOWE,

                Debtors.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
TIMOTHY HOWE and REGINA HOWE,

                Appellants,

    -v-                                      1:09-CV-873

CHRISTIAN H. DRIBUSCH, Chapter 7
Trustee,

                Appellee.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                              OF COUNSEL:

RODRIGUEZ & DOERN, PLLC           JAMES E.D. DOERN, ESQ.
Attorneys for Debtor-appellants
100 West Avenue
Saratoga Springs, NY 12866

CHRISTIAN H. DRIBUSCH, ESQ.
Chapter 7 Trustee-Appellee
5 Clinton Square
Albany, NY 12207

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

      Debtors-appellants Timothy and Regina Howe ("debtors" or "the Howes") appeal

from a Memorandum-Decision and Order dated June 26, 2009, in which the Hon. Robert E.

Littlefield, Jr., Chief United States Bankruptcy Judge, sustained the objection of Chapter 7

Trustee Christian H. Dribusch, Esq. ("Dribusch" or "the Trustee") to debtors' claim of a cash exemption totaling $2109.9 (consisting of $502.00 debtors had on hand at the time they filed the petition and $1607.90 they later received in tax refund and stimulus payments).  The effect of this ruling was to permit the Trustee to administer the $2109.90.  The Howes appealed the June 26, 2009, decision.  Dribusch filed appellant's brief some two months after the due date.  Therefore, the appellant's brief was stricken as untimely.[1]  The appeal was taken on submission without oral argument.

## II. BACKGROUND

The Howes filed a petition for Chapter 7 bankruptcy relief on February 29, 2008.  They claimed a $100,000 homestead exemption for their home at 2029 State Route 22, Cambridge, New York 12816.  They listed the home as having a value of $106,972.00, with a secured claim against it of $51,084.00, indicating that they had more than $55,000 of equity in the home.  Furthermore, they submitted a letter of intent to surrender their home.  They did not claim a cash exemption, but listed $2.00 in cash and $500.00 in credit union accounts.

On April 3, 2008, the holder of the mortgage on the Howes' home filed a Motion for Relief from the Stay in order to proceed with foreclosure proceedings.  Debtors did not oppose the motion and it was granted by default.

Debtors provided Dribusch with their 2006 tax return.  Based upon the 2006 tax return, it appeared that the Howes would be entitled to a tax refund for the 2007 tax year.

---

[1] It is noted that although Dribusch's opposition was stricken from the record, the appellant still must establish that there was reversible error.  See Swimelar v. Baker, No. 5:09-CV-502, 2009 WL 3644336, at *1 (N.D.N.Y. Oct. 28, 2009) (Suddaby, J.), aff'd, 604 F.3d 727 (2d Cir. 2010).

Thus, on March 5, 2008, the Trustee sent a Turnover Application to the Internal Revenue Service ("IRS") directing that debtors' refund be turned over to him.

A hearing pursuant to 11 U.S.C. § 341 was held on April 7, 2008. Dribusch questioned the Howes about their 2007 tax return. They responded that they were currently in the process of completing their tax forms. Although the home was briefly discussed, there was no mention of the pending lift stay motion. The Howes timely filed their 2007 tax return on April 12, 2008.

The lift stay was granted on April 24, 2008, allowing the home to go into foreclosure.

On May 8, 2008, the time for the Trustee to object to debtors' scheduled exemptions expired. No objections to the scheduled exemptions had been made as of the expiration of time to do so. Debtors were granted a discharge on June 9, 2008.

Debtors received a tax refund of $399.46 for the 2007 tax year and also received a stimulus check in the amount of $1200.00.[2] In August 2008, Dribusch requested debtors' 2007 tax return. The Howes' attorney responded that if the Trustee was going to attempt to administer the tax refunds, they would amend schedule C to take a cash exemption and remove the homestead exemption.

Debtors provided their 2007 tax return to the Trustee. Dribusch filed a Motion for Turnover of non-exempt cash on October 20, 2008. On November 13, 2008, the Howes amended their schedules to include $1607.90 additional cash assets, disclaim their homestead exemption, and claim a cash exemption of the $2109.90. The Howes also

---

[2] The IRS never acted upon the Turnover Application submitted by the Trustee. Rather, IRS sent the Howes' tax refund and stimulus check to them.

- 3 -

stipulated that the Trustee could object to their amended scheduled exemptions.  On November 18, 2008, the Trustee filed an Objection to Exemption.  On January 20, 2009, the Howes offered to transfer their interest in their former home by quit-claim deed, by way of their Supplemental Memorandum of Law in Opposition to the Trustee's Objection.  Bankr. Case No. 08-10551 Doc. No. 37.

By Memorandum-Decision and Order dated June 26, 2009, the Bankruptcy Court sustained the Trustee's Objection to Exemption and restored his Motion for Turnover to the calendar.  This appeal followed.

### III. STANDARD OF REVIEW

In reviewing a bankruptcy court's decision, a district court applies the clearly erroneous standard to conclusions of fact and *de novo* review to conclusions of law.  In re Manville Forest Prods. Corp., 209 F.3d 125, 128 (2d Cir. 2000); In re Petition of Bd. of Directors of Hopewell Int'l Ins. Ltd., 275 B.R. 699, 703 (Bankr. S.D.N.Y. 2002); Fed. R. Bankr. P. 8013.

### IV. DISCUSSION

New York has opted out, pursuant to 11 U.S.C. § 522, of the federal property exemption scheme.  Therefore, New York's exemption statutes apply.  In re Cinelli, No. 05-16962, 2006 WL 3545444, at *3 (Bankr. N.D.N.Y. Dec. 8, 2006) (Littlefield, B.J.) (citing N.Y. Debt. & Cred. Law §§ 283-84 (McKinney 2001)).  New York permits a debtor to take a homestead exemption or a cash exemption, but not both.  See id.

Liberal amendment of exemption schedules is permitted, by allowing amendment "as a matter of course at any time before the case is closed."  Fed. R. Bankr. P. 1009(a).  However, there is no absolute right to amend and where there is an objection to the

amendment, "'allowance of the amended exemption depends on other considerations, namely whether there is a showing of bad faith by the debtor or prejudice to creditors.'" In re Cinelli, 2006 WL 3545444, at *3 (quoting In re Blaise, 116 B.R. 398, 399 (Bankr. D. Vt. 1990)).  It is appropriate to allow the amended exemption where bad faith is not an issue and no prejudice to creditors is found.  Id.  In such a case, although the amended exemption will be allowed, the debtor must reasonably compensate the trustee for attorney fees, expenses, and costs incurred in attempting to administer now-claimed-exempt property, to avoid any prejudice to the trustee.  Id. at *4.  Finally, the burden of proving that the claimed exemption is improper is upon the objecting party.  Fed. R. Bankr. P. 4003(c).

The Howes originally claimed a homestead exemption.  This precluded them from claiming a cash exemption.  However, after discovering that the Trustee intended to administer non-exempt cash (their tax refund and stimulus check), they amended their schedule to remove the homestead exemption and instead claim a cash exemption.  Dribusch objected; therefore, it was his burden to establish that the newly-claimed exemption was improper.

The debtors' amended their exemption on November 18, 2008, well after the opportunity to object to the homestead exemption expired on May 8, 2008.  This left the Trustee with no opportunity to seek to administer equity in the homestead, by debtors' estimation approximately $55,000.  Moreover, the Howes failed to oppose the mortgage company's request to lift the stay, resulting in granting the lift stay by default and permitting the mortgage company to foreclose upon the homestead.  These undisputed facts demonstrate prejudice to the creditors in that the $55,000 equity in the homestead was not available to the creditors.  There was no error in accepting these undisputed facts, and the

conclusion that prejudice to creditors resulted was not erroneous, and certainly not clearly erroneous.

The debtors contend it was clear error for the Bankruptcy Court to take "judicial notice" of prejudice to the creditors, in violation of Fed. R. Evid. 201. Rule 201 permits facts to be judicially noticed where the fact is "one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Here there was no dispute as to the facts the Bankruptcy Court relied upon, the source of which was the record before the court. Moreover, although it was not error to take judicial notice of these facts, it was unnecessary as findings of fact could have been made based upon the record. Thus, there was no clear error related to judicial notice.

The Howes also argue that it was error not to follow precedent set in In re Cinelli, 2006 WL 3545444. According to the Howes, the facts of Cinelli were similar to the facts here, so that the same result--overruling the Trustee's objection to debtors' amendment of exemptions--should be reached here. In Cinelli, the debtors initially claimed a homestead exemption. Id. at *1. The Cinelli's homestead had a fair market value of $140,000 and a mortgage with a balance of $168,008, or $28,008 negative equity. Id. A lesser value set forth in the Reaffirmation Agreement debtors entered into with the mortgage-holder still resulted in a negative equity of about $24,000. When the trustee informed the Cinellis that he intended to administer non-exempt cash (from an anticipated tax refund), the Cinellis' amended their schedule C to delete the homestead exemption and instead claim a $5,000 cash exemption from the tax refund they expected to receive. Id. Because there was no

equity in the homestead, the Cinelli Court found that there was no prejudice to creditors resulting from the amended exemptions. Id. at *4. Therefore, the court overruled the trustee's objection to the amended exemptions. Id.

The Howes are correct that the procedural posture of Cinelli and this case are similar--notification of intent to administer proceeds of a tax refund followed by debtors' amendment to claim a cash rather than a homestead exemption. In contrast, however, the Howes' homestead had a fair market value above the amount secured by the mortgage, approximately $55,000 of positive equity. Thus, unlike the Cinellis, had the Howes originally claimed a cash exemption, approximately $55,000 equity in the homestead would have been available for the Trustee to administer for the benefit of the creditors. In short, the difference between the two cases is equity in the home. The Cinellis had no equity in their home so that deleting the homestead exemption did not result in prejudice to creditors, whereas the Howes' $55,000 equity in the home, initially protected by their claimed exemption, was not available to creditors creating prejudice to them. Therefore, it was correct to find that amending the schedule to disclaim the homestead exemption and claim a cash exemption, after all opportunities to administer the equity in the home were lost, resulted in prejudice to creditors. The prejudice the creditors suffered will be mitigated by denying the cash exemption.

## V. CONCLUSION

The only facts upon which the Bankruptcy Court based its decision were undisputed. There was no error in finding that because debtors had equity in their home, amending their exemptions to delete the homestead and instead claim cash as exempt

prejudiced the creditors.  Because the amendment prejudiced creditors, it was proper to sustain the Trustee's objection, effectively denying debtors a cash exemption.

Accordingly it is

ORDERED that the June 26, 2009, Memorandum-Decision and Order of the Bankruptcy Court is AFFIRMED.

IT IS SO ORDERED.

_____
United States District Judge

Dated:  August 18, 2010
        Utica, New York.